THE MONTICELLO FEMALE SEMINARY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon May 7, 1883.*

1.  TAXATION—*seminary buildings and grounds—extent of exemption.*
The Monticello Female Seminary was originally located upon a tract of eight
acres of land, upon which were erected the buildings of the institution.
Afterward the corporation acquired three other tracts of land, of forty acres,
twenty acres, and fourteen and three-quarter acres.   All these tracts are
within the common inclosure of the seminary grounds, with dividing fences
within that common inclosure.   These several tracts are used, a portion for
walks and lawns for the exercise and benefit of the scholars, a part for gar-
dening to supply the institution with vegetables, a part for an orchard to
supply necessary fruit for the institution, a part for raising feed for stock,
for pasturage, and for woodland, all for the exclusive use of the institution,
and not "otherwise used with a view to profit:"   *Held,* the lands are exempt
from taxation, under the statute of exemption relating to property of insti-
tutions of learning.

2.  But a separate block not in the common inclosure, without proof of
its situation with respect to the rest of the property, or of what use is made of
it, can not be held to be exempt.   Ownership alone does not bring it within
the statutory exemption.

APPEAL from the County Court of Madison county; the
Hon. MICHAEL G. DALE, Judge, presiding.

Messrs. BAKER & BRENHOLT, and Messrs. IRWIN & SPRINGER,
for the appellant, cited *Northwestern University* v. *The People,*
80 Ill. 333; The same parties, 86 id. 141; and *Presbyterian
Theological Seminary* v. *The People,* 101 id. 578.

Mr. J. H. YAGER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application by the county collector of Madison
county for a judgment against four certain tracts of land
belonging to and listed in the name of the Monticello Female

Seminary, for the unpaid taxes for the year 1881. The court below gave judgment against the lands, and the defendant, by appeal, brings the case here for review.

The only question presented by the record is, whether the lands are exempt from taxation.

Article 9, section 3, of the constitution of 1870, provides that such property "as may be used exclusively for agricultural and horticultural societies, for schools, religious, cemetery and charitable purposes, may be exempted from taxation. Such exemption shall be made by general law." Accordingly the General Assembly has enacted that "all property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions, or otherwise used with a view to profit," shall be exempt from taxation. Rev. Stat. 1874, p. 857.

The Monticello Female Seminary is an institution of learning, situate at Monticello, about five miles from the city of Alton, adjoining the town of Godfrey, a country place of about one hundred and seventy-five inhabitants. The evidence shows that the institution was originally located upon a tract of land of about eight acres; that since then it has acquired four other tracts of land, of forty acres, twenty acres, fourteen and three-quarter acres, and block 17 in Monticello, which four tracts are the same tracts of land against which the judgment for taxes is sought; that all these four tracts of land, with the exception of block 17, are within the common inclosure of the seminary grounds; that there are dividing fences within that common inclosure, by which a part of the land is used for gardening to supply the institution with vegetables, a part for orchard to supply necessary fruit for the institution, a part for raising corn, oats and hay to feed the necessary stock connected with the institution, part for pasture and woodland to supply the necessary pasturage for cows connected with the institution, and furnishing the wood required for fuel; that for these purposes, and no other, the

forty and twenty-acre tracts are exclusively used; that the fourteen and three-quarter acre tract is within the immediate inclosure of the original tract upon which the main buildings of the institution are located; that upon this fourteen and three-quarter acre tract there is a building occupied by the superintendent of the grounds and out-door work of the seminary, and which building is also occupied, when necessary, by the scholars of the institution, and that this tract is laid out in walks, avenues, lawns, etc., for the exercise and benefit of the scholars.

The evidence further shows that all this property is necessary for the proper carrying on of the institution; that said tracts of land are used exclusively for the purposes of the institution, and that no part of the same has been leased or otherwise used with a view to profit; that it is necessary, in connection with the institution, to have cows to supply milk for the scholars and teachers, all of whom, numbering about 175 persons, reside and live within and upon the grounds of the institution; that horses are required to do the necessary hauling connected with the seminary, and that all the hay, corn and oats raised on the place go to the feeding of the stock thereon; that nothing is ever sold off the premises, and that what is raised is but a partial supply for the institution; that the object of the institution is, as far as possible, to make it a self-sustaining one, and that what is realized over and above actual expenses is used as a fund for the education of indigent females.

We do not see why the facts of this case do not bring these lands within the very words of the exemption from taxation of the constitution, and the legislation upon the subject. They form one connected body of land, upon which the seminary buildings are situated. They are not lands which are leased by the institution or otherwise used with a view to profit, but they are used strictly in the carrying on of this seminary of learning, and are used exclusively for

that purpose, and we think they should be held, under the statute, to be exempt from taxation,  This, however, is with the exception of block 17.  The proof seems to be silent as to its situation with respect to the rest of the property, and as to what use is made of it.  All the case made in regard thereto is ownership, merely, by the institution,  That alone does not exempt from taxation.

The judgment, except as to block 17, is reversed, and the cause remanded.

·     *Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT, dissenting:

Dissenting, as I do, from the conclusion reached by a majority of the court, the public importance of the questions involved would seem to justify me in expressing my views at length of the whole case.

The Monticello Female Seminary is a corporation created by a special charter granted by the legislature of the State in 1843.  It is "an institution of learning," in the sense those terms are used in the statute.  Originally the corporation owned about eight acres of land.  It is upon this tract the principal buildings are situated.  Since the original buildings were erected the corporation has acquired four other distinct tracts of land, all contiguous to the tract it first owned, and all join it, except, perhaps, block 17.  The record does not disclose whether block 17 joins the original tract or not.  These four tracts of land were all assessed for taxation for the year 1881, in like manner as other real property was assessed for that year.  The taxes not having been paid the property was returned delinquent, and the county collector made application to the county court for judgment against such lands.  The corporation appeared and filed objections to rendering any judgment against lands owned by it, as follows:  First, because the defendant is an institution of learning;  second, because all the property of the defendant

institution, including the real estate on which the same is located, is used exclusively for the interests of the institution, and is not leased by said institution, or otherwise used with a view to profit; and third, because the property, real and personal, of the defendant institution is exempt from taxation under section 2 of the revenue laws of the State of Illinois. All the objections taken were overruled by the court, and judgment rendered against the lands for the taxes due thereon, together with costs. The case is brought to this court by the objector.

There is no disagreement as to the facts of this case, and as the law applicable in such cases has been settled by the previous decisions of this court, it would seem there could be no need of much discussion. *Northwestern University* v. *The People*, 80 Ill. 333; *Northwestern University* v. *The People*, 86 id. 141; *Presbyterian Theological Seminary* v. *The People*, 101 id. 578. It is settled by these decisions that lands belonging to an institution of learning, upon which the buildings or "institutions" are not located, and which are not shown to be "used exclusively" for the interests of the corporation, are subject to taxation, as is the property of the citizen, and it makes no difference such lands might be leased and the profits devoted to the proper purposes of the corporation. Section 3, article 9, of the constitution, provides that property, both real and personal, "used exclusively" for certain charitable purposes enumerated, may be exempted from taxation. Accordingly the General Assembly has enacted, that among property exempted from taxation is "all property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions, or otherwise used with a view to profit." It is under this clause of the statute the objecting corporation seeks exemption from taxation. It is proper the statute cited should be read in connection with the constitution on the same subject, and if there is any conflict the statute will

be construed as conforming to the constitution. As was said in *The Theological Seminary* v. *The People,* it must therefore be understood the legislature only intended to exempt such property of institutions of learning as "may be used exclusively" for the objects and purposes of such institutions. The statute is imperative that lands belonging to institutions of learning, to be exempt from taxation, shall not be "leased by such institutions, or otherwise used with a view to profit." Keeping this construction of the statute in mind, the case presents no serious difficulty.

As has been seen, the original grounds belonging to the corporation, upon which its principal buildings are situated, consisted of about eight acres. This tract has never been listed for taxation. It is conceded it is exempt. The tracts of land assessed, of which complaint is made, have since been acquired by the corporation. The exact location of block 17 does not appear from anything in the record, nor does it appear what use, if any, is made of it. It would seem to be clear this tract is subject to taxation as is other property. There is no proof it is used for educational purposes, or for the use of the institution in any manner whatever. All that is shown is, this block of land is owned by the corporation, and there is, and can be, no reason assigned why it is not subject to taxation.

There are two other tracts of land, one consisting of forty acres and the other of twenty acres, adjoining the original tract on which the seminary buildings are located, and only separated from it by division fences, that are used by the objector for pasturage, and for raising ordinary farm and garden products. The pasturage is used exclusively for horses and cows belonging to objector, and whatever hay, oats or corn is raised on these farm lands is fed to the stock. Nothing is sold from the premises. Connected with the institution there are about one hundred and seventy-five persons,— scholars, teachers and employés. The teachers and scholars

are boarded in the seminary building, and the milk from the cows kept on these lands is used on the table and otherwise, as is done in families. The horses, kept in the same way, are used for conveying teachers, scholars and others to and from the station at the railroad, distant about three-fourths of a mile, and for hauling coal, and other work necessary to be done about the premises. Farm and garden products are raised that persons having charge of the institution may have the benefit of them. It is shown it is more profitable to do so than to depend on the market for needed supplies. What else is all this but using these lands "with a view to profit," within the meaning of the statute? Using lands for pasturage and raising ordinary farm and garden products is not the "exclusive" use of such lands for the purposes of institutions of learning. It was certainly never intended by the legislature to exempt farms, either large or small, owned by institutions of learning, from taxation, although the profits derived therefrom might be used in the interests of such institutions, and the statute will bear no such construction. The General Assembly has manifested no intention to exempt farm lands belonging to institutions of learning from taxation. Exemptions to that extent would come within constitutional restrictions, and would, for that reason, be inoperative. The utmost the legislature has done is to exempt from taxation the lands on which the buildings or institutions are located, and which are used "exclusively" for the purposes of an institution of learning, and "not leased by such institution, or otherwise used with a view to profit," and such exemption should not be enlarged by judicial construction. Of course these lands are not "leased" by the institution, but where they are used for raising the ordinary farm and garden products upon, I do not understand how it is possible to say they are not "used with a view to profit." It can only be done by arbitrarily saying so, without assigning any reason for the conclusion. As was said in *The Northwestern Univer-*

*sity* v. *The People, supra:* "An accurate description of the property, the tax upon which is in controversy, would seem to be, 'property used for profit for the benefit of the university.'" It was held in that case that property to be used in farming, for manufacturing, or in trades, is property for farming, for manufacturing or for trade, and the purposes to which the resulting profits may be devoted does not change its character, and that, notwithstanding the "resulting profits" might be used for the benefit of an institution of learning, the property was not exempt from taxation under the statute. All the previous decisions of this court seem to be ignored in the opinion of a majority of the court, and not the slightest attention is paid to them. The decision of the county court conformed to the previous decisions of this court, and now its decision is reversed, and for what reason I am unable to discover. There ought to be some stability in the decisions of this court, and when the constitution and a statute on any given subject have received a construction, that construction should not be departed from except for the most cogent reasons. So far as these tracts are concerned, I am also of opinion they are subject to taxation.

As respects the other tract assessed, consisting of fourteen and three-fourths acres, I concur with the majority of the court that it is not subject to taxation. It is "not leased, or otherwise used with a view to profit." It is used "exclusively" for the purposes of the institution, as much as is the smaller tract upon which the principal buildings are located.

In the views expressed in this dissenting opinion I am authorized to say that Mr. Justice WALKER and Mr. Justice SCHOLFIELD concur.