ADELPHIA LODGE NO. 38, KNIGHTS OF PYTHIAS, et al. v. CRAWFORD, Appellant.

### Division Two, June 26, 1900.

1. **Taxation: EXEMPTION: LODGE PROPERTY: RENTS.** Property owned by a lodge which is a charitable organization, when used by such lodge and other lodges as tenants which are not shown to be charitable organizations, is not exempt from taxation. To be exempt it must be "exclusively used for purposes purely charitable."

2. ———: ———: BURDEN. The burden is on the lodge claiming exemption from taxation to show that it is not only itself a charitable organization but that its tenants to whom it rents the property are also such.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*John W. Schooler, S. S. Kelso* and *S. C. Price* for appellant.

(1)    The Constitution and statute exempting property from taxation are to be strictly construed against the claim of exemption.    Washington University v. Rouse, 42 Mo. 323; State ex rel. v. Railroad, 89 Mo. 532; State ex rel. v. Railroad, 99 Mo. 42; State ex rel. v. Arnold, 136 Mo. 450; Scotland Co. v. Railroad, 65 Mo. 134; State ex rel. v. Lange, 16 Mo. App. 468; Wyman v. St. Louis, 17 Mo. 337; Railroad v. Cass Co., 53 Mo. 17; Cincinnati College v. State, 19 Ohio, 110; Redemptorist Fathers v. Boston, 129 Mass. 180; Portland Hibernian Society v. Kelly, 28 Ore. 173; Railroad v. Guffey, 120 U. S. 569; Bangor v. Masonic Lodge, 73 Me. 428; Co. Commissioners v. Sisters of Charity, 48 Md. 34; Theological Seminary v. The People ex rel., 101 Ill. 578; Mayor of Baltimore v. Grand Lodge, 60 Md. 280; 25 Am. and Eng. Ency. of Law, 157, and authorities cited in n. 3, p. 157, note 1, page 158.    (2) The application of the proceeds of property to a purpose purely charitable within the meaning of our statute, would not meet the requirement that the property itself shall be used exclusively for purposes purely charitable as a condition of its exemption from taxation.    Literary Ass'n v. Pelton, 36 Oh. St. 253; Portland Hibernian Society v. Kelly, 28 Ore 173; Cincinnati College v. State, 19 Oh. 110; Trustees v. Boston, 120 Mass. 212.

*Harber & Knight* with *O. M. Shanklin, R. T. Linney* and *O. G. Williams* for respondents.

That respondent lodges are charitable institutions and the property in question exempt from general taxation, there can, we think, be no doubt.    Constitution, sec. 6, art. 10; R. S. 1889, sec. 7504; State ex rel. v. Powers, 10 Mo. App. 263;

Bishop Resident Co. v. Hudson, 91 Mo. 671; Mo. Historical Society v. Academy of Science, 94 Mo. 459; State ex rel. v. Academy of Science, 13 Mo. App. 213; N. St. Louis G. S. v. Hudson, 85 Mo. 32 (12 Mo. App. 342); Women's Christian Association v. Kansas City, 147 Mo. 103; Barkley v. Donnelly, 112 Mo. 561; Book Agents of Methodist Episcopal Church South v. Hinton, 19 L. R. A. (Tenn.) 289; City of Henderson v. Strangers Rest Lodge, 17 S. W. 215.

BURGESS, J.—This case in all material respects is like the case of Fitterer v. Crawford, 157 Mo. 51, the only difference being in the organizations of the lodges, and in the case in hand the lodge owns and uses for lodge purposes, and rents out for lodge purposes, the third story of a certain brick building, which the lodge asserts is exempt from taxation under section 6, article 10, of the State Constitution, and section 7504, Revised Statutes 1889.

While the Knights of Phythias is a charitable organization, it is only when its property is used "exclusively for purposes purely charitable" that it is exempt from taxation (sec. 7504, R. S. 1889) and as it rents out the story of the building, which it owns, for purposes which are not shown to be charitable it is not occupied exclusively for charitable purposes within the meaning of the statute. Fitterer v. Crawford, 157 Mo. 51.

The judgment is reversed. *Gantt*, *C. J.*, and *Sherwood*, *J.*, concur.

### ON MOTION FOR REHEARING.

As ground for a rehearing it is asserted in the motion therefor, that we stated the facts to be exactly opposite from what they in fact are, and are shown to be in the agreed statement of facts. "That the facts are as shown by the agreed statement, 'that said story is exclusively occupied and

used by plaintiff and tenants for lodge purposes; that no part of said property ........ is used for any other than lodge purposes.' "

The only parts of the agreed statement of facts which have any bearing upon the use of plaintiff's part of the building read as follows: "That the revenue of the said lodges is derived from membership fees paid by persons joining said lodges, dues paid by their members, and rents as hereinafter stated. ....... That said story [that is, the third] is exclusively occupied and used by plaintiffs and tenants for lodge room purposes. That no part of said property of plaintiffs is used for any other than lodge purposes."

That our statement was inaccurate in so far as the exclusive use of that part of the building which belongs to plaintiffs is concerned, we concede, but upon the agreed state of facts the result must be the same, for the simple statement that the story of the building in question, "is exclusively occupied and used by plaintiffs and tenants for lodge purposes," does not by any means prove or tend to prove, that the tenants were charitable institutions, as it is a matter of common knowledge that there are lodges in this country which are not charitable institutions. Taxation is the rule and exemption therefrom the exception, and the burden was upon plaintiffs to bring themselves clearly within the provisions of the statute exempting property "used exclusively for purposes purely charitable" from taxation, and this they failed to do. There is no presumption that the lodge or lodges which were plaintiffs' tenants were charitable institutions, hence it devolved upon them to show that they were, before they could claim the benefit of exemption of their property from taxation.

The statement is modified.

The motion will be overruled. *Gantt, C. J.*, and *Sherwood, J.*, concur.