THE TRUSTEES OF MONTICELLO SEMINARY, Appellant, *vs.* THE BOARD OF REVIEW OF MADISON COUNTY, Appellee.

*Opinion filed December 22, 1909.*

1. TAXES—*burden of showing property is exempt from taxation is upon party asserting such exemption.* An assessment of property for taxation is presumed to have been legally made, and one who asserts that the property is exempt from taxation has the burden of proving such claim.

2. SAME—*what does not show the property is exempt as belonging to institution of learning.* Proof that notes and mortgages assessed in the name of a certain person, as trustee, are the property of an institution of learning is not sufficient to show that they are exempt from taxation, but it must also be shown that they are not being used with a view of profit.

3. EVIDENCE—*unsworn petition to board of review is not evidence of its truth.* An unsworn petition to the board of review is merely the complaint of the petitioner and is not evidence that the averments of the petition are true.

AUDITOR'S certificate of appeal from the board of review of Madison county.

Levi Davis, for appellant.

W. H. Stead, Attorney General, June C. Smith, and D. G. Williamson, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The assessor of the town of Alton, Madison county, assessed for the year 1909 $34,500 of notes and mortgages in the name of C. A. Caldwell, trustee. The trustees of Monticello Seminary presented their petition to the board of review showing their incorporation under a special act of the General Assembly, and stating that said seminary is an institution of learning for the higher education of women and girls, not conducted for profit or in the interest of any individual or company; that all of its income is used exclusively for the maintenance of said institution and for the benefit of its students; that the said sum of $34,-500 assessed in the name of C. A. Caldwell, trustee, is its property; that said moneys are funds in the nature of endowment funds donated for the purpose of providing scholarships in said seminary, to be paid for out of the annual income of said funds; that said funds have been donated in such manner in trust; that said seminary has no lawful right or power to use any part of the principal for any purpose other than by lending the same and raising an annual income for said scholarships, and that said moneys have been loaned not with a view to profit, but to make use of the same in the only way authorized by the donors, and that said moneys are exempt from taxation and said assessment should be canceled, but that if said moneys are not exempt from taxation they should be assessed in Godfrey township and not in Alton township; that petitioner's place of residence is, and always has been, in Godfrey township, and that said C. A. Caldwell has no interest in said moneys or mortgages, or control over the same, other than as a member of the board of trustees of said seminary.

The statement of facts made by the board of review and certified by the auditor shows that a hearing was had upon the petition and an affidavit of Charles A. Caldwell in support of the same, and upon said hearing the board found that the said moneys or credits were the property of said corporation; that the residence of said corporation was in the town of Godfrey; that it is an institution of learning; that the said moneys are not used exclusively for school or charitable purposes but are being used with a view to profit and are liable to be taxed, and the same were ordered to be assessed to the trustees of Monticello Seminary upon the assessment books of said town of Godfrey.

The petition was not sworn to. It was merely the complaint of the appellant and not evidence of its truth. The only evidence produced was the affidavit of Mr. Caldwell, which, in substance, merely stated that affiant was the person to whom the said money was assessed as trustee by the assessor of Alton township; that the said money belonged to appellant; that appellant was incorporated and owned and conducted an institution of learning, and that its residence was in the town of Godfrey. It was silent as to the use made of the money and whether it was used with a view to profit or not.

The burden of showing that the property was exempt from taxation was upon the appellant. The presumption is that the assessment was legally made. (*In re Maplewood Coal Co.* 213 Ill. 283.) Proof that the property belonged to an institution of learning was not sufficient to show that it was exempt from taxation. It should appear that it was not used with a view to profit. (*Monticello Female Seminary* v. *People,* 106 Ill. 398.) If the appellant had sustained its complaint by its proof, the moneys in question should have been held exempt from taxation. It did not do so, and under the evidence produced they were not exempt.

The decision of the board of review will be sustained.

*Decision sustained.*