THE MONTICELLO SEMINARY, Appellant, *vs.* THE BOARD
OF REVIEW OF MADISON COUNTY, Appellee.

*Opinion filed April 19, 1911.*

1. TAXES—*the right to enjoy exemption from taxation must be
established by clear proof.* The right to enjoy exemption from tax-
ation can only be established by direct proof of all the facts nec-
essary to authorize the exemption.

2. SAME—*when credits belonging to a school are not exempt.*
Credits consisting of bonds and secured notes belonging to a school
and representing money derived from tuition, board and other in-
come of the school, not including donations for a particular pur-
pose, are not exempt from taxation as property of a school not
used with a view to profit, even though it is stipulated that the
income is used for the maintenance of the school and the benefit
of its students.

3. SAME—*fund donated to school to establish free scholarships
is exempt from taxation.* A fund donated to a school for the pur-
pose of establishing free scholarships, which fund must be kept in-
vested and the principal thereof intact, the income only being used
for the restricted purpose specified by the donor, is exempt from
taxation as property of the school not used with a view to profit.

4. SAME—*when penalty should not be imposed for failure to file
schedule.* Where the failure of a tax-payer to file a schedule of
property subject to taxation is not the result of any attempt at con-
cealment but from an honest belief that such property is exempt
from taxation under the law, the penalty provided for by section 19
of the Revenue law should not be added.

HAND, CARTWRIGHT and COOKE, JJ., dissenting.

AUDITOR's certificate of appeal to review decision of
the board of review of Madison county.

LEVI DAVIS, for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

The assessor of Godfrey township, in the county of
Madison, assessed against the Monticello Seminary, the ap-
pellant, $300,000 under the head of credits for the year
1910, $100,000 of this sum being by way of penalty. Ap-
249—31

pellant presented its petition to appellee, alleging, and thereafter proving, that it was a corporation chartered by special act of the General Assembly of Illinois,—a school for the higher education of women and girls; that it had never been, and was not then, conducted for profit or in the interest of any individual or company, and that all its credits, and the funds mentioned in said petition, together with the income therefrom, were used exclusively for the maintenance of said school and the benefit of its students; that it was not possessed of any credits on April 1, 1910, which were subject to or required to be listed for taxation; that April 1, 1910, it was the owner of credits amounting, in the aggregate, to $127,411.71; that $51,262.21 of said credits consisted of bonds with interest coupons thereto attached, and that the balance of $76,149.50 consisted of promissory notes secured by mortgages on real estate; that $35,000 of the credits consisted of funds which had been donated to appellant, in the nature of endowment funds, for the purpose of providing and maintaining scholarships in the said school, to be paid out of the annual income of said funds, and had been donated to appellant in trust in such manner that it has no lawful right or power to use any part of the principal for any purpose except to loan the same and raise thereby an annual income for said scholarships. The record shows that the assessor of said Godfrey township made a proper demand on the trustees of appellant for a schedule of its personal property, and that they refused to furnish the same, claiming that said property was exempt from taxation. The board of review decided that the action of the assessor in making the assessment was correct and that none of the personal property was exempt from taxation, and thereafter certified the matter to the State Auditor, who has certified the same to this court.

Appellant first insists that the total credit of $127,411.71 should be exempt,—not only the $35,000 that was donated

to it, but the balance of $92,411.71 which was derived from tuition, board and other income of the institution. Section 3 of article 9 of the constitution provides that property "used exclusively" for school purposes "may be exempted from taxation." Section 2 of the Revenue act provides that "all property of schools, including the real estate on which the schools are located, not leased by such schools or otherwise used with a view to profit," shall be exempt from taxation. (Hurd's Stat. 1909, p. 1825.) Is that portion of the credits not donated to the institution, and which consists of bonds and notes secured by mortgages, property that is not being used "with a view to profit?"

The Supreme Court of the United States, in *Northwestern University* v. *People,* 99 U. S. 309, in considering the proper construction of the provisions of the Illinois constitutions of 1848 and 1870 as to exemption from taxes, in connection with the charter of the Northwestern University, stated (p. 324): "The distinction is, we think, very broad between property contributing to the purposes of a school, made to aid in the education of persons in that school, and that which is directly or immediately subjected to use in the school. The purposes of the school and the school are not identical. The purpose of a college or university is to give youth an education. The money which comes from the sale or rent of land dedicated to that object aids this purpose. Land so held and leased is held for school purposes in the fullest and clearest sense."

This decision clearly intended to hold that under the constitution of 1870 property leased or invested for profit is not used exclusively for a school even though the income from it is applied for the purposes of the school. This court, in *Northwestern University* v. *People,* 80 Ill. 333, held that the property of an educational institution used for any purpose which resulted in profit would be subject to taxation. Nothing was said by the Supreme Court of the United States in the case above cited that in-

dicated that it put a different construction on the present constitution. This court has always followed the construction of the constitution of 1870 given in that case. (*People* v. *Theological Union,* 171 Ill. 304.) This court has held that property rented or held by an educational institution "as an investment, even though the income thereof is used solely for school purposes," is not exempt. (*Chicago Theological Seminary* v. *People,* 189 Ill. 439; *Theological Seminary* v. *Illinois,* 188 U. S. 662.) The fact that the rents and revenues of property are devoted to school purposes does not exempt the property from taxation. The property itself must be directly used for school purposes before it is entitled to be exempted. (1 Desty on Taxation, 119; 12 Am. & Eng. Ency. of Law,—2d ed.—318, and cases cited; *People* v. *Chicago Theological Seminary,* 174 Ill. 177; *Montgomery* v. *Wyman,* 130 id. 17; *People* v. *Ryan,* 138 id. 263; *Emerson* v. *Trustees of Milton Academy,* 185 Mass. 414; *Adelphi Lodge* v. *Crawford,* 157 Mo. 356.) The right to enjoy exemption from taxation can only be established by direct proof of all the facts necessary to authorize the exemption. (*People* v. *Ravenswood Hospital,* 238 Ill. 137.) It does not clearly appear that the income from the $92,411.71 of credits derived from tuition, board and other income of the institution was used exclusively and directly for the support of the school. It is true, the stipulation of facts states that it is used for the maintenance of the school and the benefit of its students, but it does not show in what way. It is manifest that the principal of this fund has rapidly increased during the past few years. There is no restriction on the use of the principal or interest of any portion of the fund. So far as appears it may be used for any purpose. It must be held that this principal fund is being loaned out and used with a "view to profit," as that term is used in our law, and was properly held not exempt.

A different situation, however,.is presented with reference to the $35,000 donated to the institution for the purpose of furnishing free scholarships, to be paid out of the annual income of said endowment.   Appellant's ownership of this fund is but a limited or conditional one.   It must keep the principal intact and use only the income.   The income is the gift of the donors for a specific purpose, and is not a "profit" in any sense in which that word can properly be used.   The trustees of the institution can be compelled to use this income for the purpose stipulated by the donors.   In *Monticello Female Seminary* v. *People*, 106 Ill. 398, this court held that certain lands belonging to that institution were not used with a view to profit but were used strictly in carrying on the institution and exclusively for that purpose, even though what was realized from the land over and above the actual expenses was used as a fund for the education of indigent females.   The court there said (p. 400) :   "They are not lands which are leased by the institution or otherwise used with a view to profit, but they are used strictly in the carrying on of this seminary of learning and are used exclusively for that purpose, and we think they should be held, under the statute, to be exempt from taxation."   (See, also, to the same effect, *Montgomery* v. *Wyman, supra; City of Chicago* v. *University of Chicago,* 228 Ill. 605.)   In this last case it was held (following the reasoning of *Monticello Female Seminary* v. *People, supra,*) that dining rooms and club houses of the university were a part of the educational institution and exempt, notwithstanding the fact that there was a charge for room rent and for meals; that the buildings of that kind were not used for the purpose of producing revenue. There is a clear distinction between this endowment fund held by the institution in trust, and the other credits which can be invested by the trustees of the institution for profit in any way that the trustees desire.   To exempt the $35,000 endowment fund from taxation is in accord with the let-

ter and spirit of our revenue statutes and the constitution. *Monticello Seminary* v. *Board of Review,* 242 Ill. 477; *McCullough* v. *Board of Review,* 183 id. 373; *State* v. *Bishop Seabury Mission,* 90 Minn. 92. See, also, *Dexter* v. *Harvard College,* 176 Mass. 192; *United Brethren* v. *Commissioners,* 115 N. C. 489.

Section 19 of the Revenue law of 1898 (Hurd's Stat. 1909, p. 1883,) requires every owner of property to file a schedule and that a penalty be added by the assessing authorities for failure so to do. From this record it is clear that the officers of the appellant honestly thought that this property was exempt from taxation. They did not conceal nor attempt to deny its ownership. This court held in *Whittemore* v. *People,* 227 Ill. 453, that interest should not be collected on money due the State which the public officer, under a mistaken interpretation of the law, had retained without any concealment but in an honest belief that he was entitled thereto. By like reasoning the penalty should not be added in this case because of the failure to file a schedule. A different situation, under the law, would be presented if appellant had concealed or failed to disclose its property or had not in this matter acted in the utmost good faith.

The assessor and the board of review should have assessed the credits at $92,411.71, the balance of $35,000 being exempt. The decision of the board of review will be approved for $92,411.71 but set aside and annulled for the balance.

*Decision approved in part and reversed in part.*

HAND, CARTWRIGHT and COOKE, JJ., dissenting: We are of the opinion that all of the property here involved is exempt from taxation.