(No. 15810.—Order reversed.)

H. W. YATES *et al.* Trustees of the Methodist Episcopal Church of Plainfield, Appellants, *vs.* THE BOARD OF REVIEW OF WILL COUNTY, Appellee.

*Opinion filed April 14, 1924—Rehearing denied June 12, 1924.*

TAXES—*a trust fund to pay salaries of pastor and organist of church is exempt from taxation.* A trust fund created by will, to be owned and held intact exclusively for paying, annually, with the income therefrom, part of the salaries of the pastor and organist of a church, is exempt from assessment for taxation as being devoted to religious purposes, regardless of the use made of the money after it is paid the beneficiaries, as it is the intended and actual use of the trust fund and the income therefrom that determines the question whether it is exempt, and not what becomes of the income after it is so used.

CERTIFICATE of appeal to review decision of board of review of Will county.

BARR & BARR, for appellants.

ROBERT W. MARTIN, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The assessor of Plainfield township, Will county, assessed against H. W. Yates, H. C. Klett, John R. Birkett, Robert R. Jamieson, Louis J. Smith, R. H. Pennington and Harvey J. Levee, trustees of the Methodist Episcopal Church of Plainfield, $15,000 under the head of "Moneys" for the year 1923. The trustees filed a complaint with the board of review of Will county claiming said property to be exempt from taxation because it was owned and used exclusively for religious purposes. The board of review entered

an order finding said property subject to taxation and dismissed the complaint. Thereupon the trustees prayed an appeal, and the tax commission has certified the record of the board of review to this court for review under paragraph 6 of section 35 of the Revenue act of 1898, as amended in 1923.

The property assessed is a trust fund of $30,000 in notes and other securities established by the will of John D. Schreffler, deceased. By the terms of the will the property is to be held intact by the trustees and the income therefrom is to be used as follows: Twenty-five dollars a year to purchase new library books for the church, $50 a year to pay the salary of the organist of the church, and the remainder, yearly, to the minister of the church as part payment of his salary. The property has been owned and administered by the trustees in accordance with the terms of the will for the past twelve years. The income from the property is about $1500 a year. The salary of the minister has been $2000 a year. The church has 198 members and owns its church building, which is located in Plainfield, a village of about 1000 inhabitants. Religious services, including Sunday school instruction, are held in the church regularly and are conducted by the minister. Music is furnished at the services by the organist.

Section 2 of the Revenue act of 1898 exempts from taxation "all property used exclusively for religious purposes, or used exclusively for school and religious purposes or for orphanages and not leased or otherwise used with a view to profit." The only question in this case is whether or not the property assessed is used exclusively for religious purposes. As we view the question the property is clearly exempt from taxation, and it is difficult to perceive how a different conclusion could be reached. The property is to be owned and held intact exclusively for the purposes therein mentioned. It cannot be used otherwise under the terms of the will, and no other person can legally possess this

property except the trustees and for the purposes aforesaid. It cannot be doubted that the church music furnished by the organist is part of the religious services and the Sunday school services conducted at that church. The organist is just as essential in furnishing that part of the religious services as is the organ itself. No one, certainly, would contend that the organ played by the organist is not an essential instrument in the performance of a part of those services, and it is clearly exempt from taxation because used exclusively for religious purposes and in religious exercises in the church. The salary of the organist must necessarily be paid by the church, and the money thus paid, it is equally clear, is expended exclusively for religious purposes. The fact that this money may be taxable after it is paid to the organist, or that the things purchased with it by the organist may be taxable in his or her hands, makes no difference in the determination of this question. The employees of a charitable institution are not compelled to perform free services in order that the institution may be charitable. If that were true, charitable institutions could not employ janitors or other persons to do services for them of any kind without the danger of losing their character as charitable institutions. Church music is by many religious organizations regarded as one of the essentials of religious services. The best church organist is the one most desired, and our law exempting church property could not be reasonably construed as denying to any church organization the right to have the best organist within its means, and to be allowed to pay the salary for the same, without subjecting itself to the charge that it is an organization for profit. While the organist is essential to the exercises of the church in question, still the organist is not the corporation and is not necessarily an officer of the corporation or a part of it, and if he were, that would have no tendency to take away from it its standing as a charitable institution, as the salary paid him only inures to his profit personally.

What we have said as to the money paid to the organist as salary is equally true as to that paid to the minister on his salary. The minister's services, as such, are a necessary part of the religious services and the money spent for his salary is necessarily money spent or used for religious purposes, and it is exclusively used for religious purposes when it is thus paid or spent. Of course, the money in the hands of the minister is taxable, and so is all other property that he purchases with it, but this has no tendency to show that the $30,000, or the income therefrom, is not used exclusively for religious purposes in the hands of the trustees. It is the intended use of the trust fund and the actual use made of it and the income therefrom that determine the question whether it is exempt from taxation, and not what becomes of the income after it is thus used.

The nearest case parallel to the one now in hand that this court has decided is *Monticello Seminary* v. *Board of Review,* 249 Ill. 481, in which we held that $35,000 donated to the Monticello Seminary for the purpose of furnishing free scholarships, to be paid out of the annual income of that endowment, was exempt from taxation. The gift in that case as in this was for a specific purpose,—a charity,— and we held that the income from it was not a profit in any sense in which that word can properly be used. That case is so clearly decisive of the one now in hand that we deem it unnecessary to cite further authorities.

The $25 a year to be spent for books for the church is so clearly money used or to be used for religious purposes that no further argument or comment seems to be necessary.

The cases cited by appellee holding parsonages and other such property not exempt are not at all analogous to the question now in hand. A parsonage used by the minister as a home for himself and family is used and occupied just like any other home when the minister is put in possession of it, and when he uses it as his home it is in his possession and use as such, and it cannot be said to be then in use by

the church for religious purposes. Such property is more
analogous to that of the salary of the minister after it has
been paid to him. For the foregoing reasons we have held
that the holding by a church of such property is for secu-
lar and not religious purposes.

The order of the board of review is reversed.

*Order reversed.*