THE PEOPLE *ex rel.* Josiah T. Little, Collector,

*v.*

TRUSTEES OF SCHOOLS.

*Filed at Ottawa May 15, 1886.*

TAXATION—*special assessments—school land exempt.* School property or school lands held in trust for school purposes are exempt from special assessments, as well as from general taxation.

APPEAL from the County Court of Lee county; the Hon. RICHARD G. FARRAND, Judge, presiding.

Mr. F. E. ANDREWS, for the appellant:

This court has uniformly held that exemption from taxation does not exempt from special assessments. *McLean County* v. *Bloomington,* 106 Ill. 213; *Trustees* v. *Chicago,* 12 id. 403; *Higgins* v. *Chicago,* 18 id. 276; *Chicago* v. *Colby,* 20 id. 614; *Peoria* v. *Kidder,* 26 id. 352; *Wright* v. *Chicago,* 46 id. 44; *Nix* v. *Post,* 57 id. 121.

General language, like that under which the drainage district is proceeding, includes the property of counties, cities, etc., as well as private property. *Higgins* v. *Chicago, supra; Scammon* v. *Chicago,* 42 Ill. 192; *Cook County* v. *Chicago,* 103 id. 646; *McLean County* v. *Bloomington,* 106 id. 214.

Mr. A. C. BARDWELL, for the appellees:

School property, being held in trust for school purposes, is not subject to taxation or special assessments. *Chicago* v. *People,* 80 Ill. 384; *Fagan* v. *Chicago,* 84 id. 236.

As against the right to hold school lands subject to special assessments, it may be successfully urged—

*First*—The power is not delegated to any officer or municipal body, directly or indirectly, to improve or expend money on the school section. It is held simply as a means from which to establish a fund by sale and rental.

*Second*—To require the trustees to pay this assessment would be to compel them to invest school money in improvements, which is entirely beyond their powers.

*Third*—If the section can not be improved directly by the trustees, (the only corporate authority having any control over it,) how can any other corporate body make improvements and compel the trustees to pay for them, thus forcing the trustees to do indirectly what they have no power to do directly?

*Fourth*—The land can not be sold to pay the assessment. (106 Ill. 215.) The trustees have no power to levy a tax for any purpose, and there is no fund under their control from which the required sum can be paid.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application by the county collector of Lee county, in this State, for judgment, in the county court, against section 16, in township 19, range 8, in Lee county, for a special drainage assessment claimed to be due thereon, and delinquent. The trustees of schools in said township appeared, and filed various objections to the rendition of judgment, all of which the county court overruled, except the first, which it sustained, and refused judgment, and the collector appeals to this court.

The objection which the court sustained to the assessment was, that this section 16 was school land, and therefore exempt from the special assessment. As in *County of McLean* v. *City of Bloomington*, 106 Ill. 209, this court, agreeably with its former rulings, held that the court house square of the county of McLean was subject to a special assessment for the improvement of adjacent streets in Bloomington, it is contended that upon the principle of that decision, school land section 16 should be subject to special assessment. Such school land stands upon a different ground than other public property of the State or municipalities.

By the sixth section of the act of Congress enabling the People of Illinois to form a State constitution, it was enacted that "the section numbered 16, in every township,   *   .*   * shall be granted to the State for the use of the inhabitants of such township, for the use of schools." Article 8, section 2, of the constitution of 1870, provides that "all land, moneys, or other property donated, granted or received for school, college, seminary or university purposes, and the proceeds thereof, shall be *faithfully applied to the objects for which such gifts or grants were made.*"

From the above, this court, in *City of Chicago* v. *The People*, 80 Ill. 384, deduced the conclusion that this property, school section 16, could not be subjected to taxation by the General Assembly. This was not put upon the ground of any direct exemption, otherwise, of such property from taxation, but upon the use for which the property was granted, and the constitutional provision that the land granted for school purposes should be faithfully applied to the objects for which the grant was made; that this prohibited the legislature from directly appropriating this property to State or municipal purposes, and it could not do so by the indirect means of taxation; that so much as would be taken from the fund by taxation, would be an unconstitutional perversion of the fund to that extent. It was said, the State was the real owner of

the fund, to be held in trust for the purposes of the grant. This same reason, which would exempt the property from taxation, must be held to exempt it from special assessment. The fund would be liable to be misappropriated in the latter mode, as well as in the former. It does not meet the objection to a special assessment to say, that it takes nothing from the property, and the assessment is only to the extent of the benefit conferred upon it by the improvement. This may be so in theory, but not in certainty. The property should be held sacred for the use to which it has been appropriated. It may be sold, or it may be rented for school purposes, but no authority of law is conferred upon any one to improve it. It should not be exposed to the danger of being improved away, by being made to pay for supposed benefits conferred upon it by improvements.

It is said the purpose is not to have sale made of the land to pay the assessment, but to obtain judgment, which may be paid out of any moneys unappropriated, of the township, or there may be the remedy by *mandamus*, requiring the board of trustees to levy a tax for the payment of the judgment. But any payment so to be obtained would come from school moneys, and there would be equally involved a perversion of the school fund as if the property itself should be sold to satisfy the judgment.

We are of opinion this school property should be held exempt from the special assessment, and the judgment of the county court will be affirmed.

*Judgment affirmed.*