THE PEOPLE *ex rel.* John R. Thompson, County Collector, Appellee, *vs.* THE FIRST CONGREGATIONAL CHURCH OF OAK PARK, Appellant.

*Opinion filed December 17, 1907—Rehearing denied Feb. 7, 1908.*

1. CONSTITUTIONAL LAW—*legislature cannot exempt from taxation church property not used for religious purposes.* Section 3 of article 9 of the constitution, which exempts from taxation property used exclusively for religious purposes, precludes the legislature from exempting from taxation church property devoted to a purpose which is not, in fact, a religious purpose.

2. SAME—*act of 1905, exempting parsonages from taxation, is unconstitutional.* The provision of section 2 of the Revenue act as amended in 1905, (Laws of 1905, p. 357,) exempting from taxation all parsonages or residences actually and exclusively used by persons devoting their whole time to church work, is unconstitutional, since a building used primarily as a residence is used for a secular and not for a religious purpose. (*Monticello Female Seminary* v. *People,* 106 Ill. 398, distinguished.)

FARMER, VICKERS and CARTER, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. JOHN B. VAUGHN, Judge, presiding.

On July 8, 1907, the county collector of Cook county made application to the county court of that county for a judgment against certain real estate located in said county, owned by the First Congregational Church of Oak Park, for unpaid taxes for the year 1906. Objections filed to the application by the church, based on the theory that the property was exempt from taxation, were overruled and judgment was entered for the amount of taxes claimed. From that judgment the objector has brought the record to this court for review by appeal.

It was agreed by the counsel for the respective parties that on April 1, 1906, the property in question was improved by a two-story frame house of ten rooms and a barn, and that the lot on which the buildings were situated was of

ordinary size used for residence purposes in Oak Park and of a reasonable size for the location of the buildings thereon; that the premises are, and were on April 1, 1906, owned by the First Congregational Church of Oak Park, and are not, and were not at that time, used for pecuniary profit, and that no rent or revenue of any kind is, or was on April 1, 1906, derived from them; that the said premises are now, and were on that date, actually and exclusively used by the pastor of the said church and his immediate family for residence purposes, and that the pastor devotes, and did on April 1, 1906, devote, his whole time to the work of said church.

Appellee's *prima facie* proof and the agreement above referred to were substantially all the evidence offered. Appellant contends that the court erred in not holding the property exempt from taxation.

PEARSON & HERRICK, for appellant:

The provision of the act of 1905 exempting certain parsonages from taxation is constitutional. Hurd's Stat. 1905, chap. 120, sec. 2, par. 2; Const. art. 9, sec. 3.

The legislature has plenary power, except as restricted by constitutional limitations. *Kyle* v. *People,* 226 Ill. 619.

Limitations on legislative power in State constitutions are strictly construed. Cooley's Const. Lim. (7th ed.) 11; Sutherland on Stat. Const. (Lewis' ed.) secs. 81, 82.

The enumeration, in the constitution, of classes of property which the legislature may exempt from taxation is an implied exclusion of all other subjects of exemption. *Supreme Lodge* v. *Board of Review,* 223 Ill. 54.

Courts will not declare an act of the legislature unconstitutional unless its unconstitutionality is perfectly clear. *Wulff* v. *Aldrich,* 124 Ill. 591; *Gaines* v. *Williams,* 146 id. 454; *Kyle* v. *People,* 226 id. 619; Cooley's Const. Lim. (7th ed.) 227, *et seq.,* 252, *et seq.*

A parsonage used exclusively by a pastor who devotes his entire time to church work is used exclusively for religious purposes. *Female Seminary* v. *People,* 106 id. 398; *Trustees* v. *Wilbraham,* 99 Mass. 599; *Trustees* v. *Iowa,* 46 Iowa, 275; *Cook* v. *Hutchins,* 46 id. 706.

LYMAN, LYMAN & O'CONNOR, for appellant on rehearing.

HARRY A. LEWIS, and WILLIAM F. STRUCKMANN, for appellee:

The building used by a minister of the gospel as a residence for himself and family is used for pecuniary profit. *First M. E. Church* v. *Chicago,* 26 Ill. 482; *In the Matter of Swigert,* 123 id. 267.

All laws, constitutional as well as statutory, exempting property from taxation, must be strictly construed against the exemptions claimed. The amendment of May 18, 1905, to the second clause of section 2 of the Revenue act of 1872 is unconstitutional. Bill of Rights, sec. 3; Const. art. 8, sec. 3, and art. 9, secs. 1, 3, 6; *People* v. *Theological Seminary,* 174 Ill. 177; *Sanitary District* v. *Martin,* 173 id. 243; *County of Ramsey* v. *Church of Good Shepherd,* 45 Minn. 229; *Memphis* v. *Bank,* 91 Tenn. 574; 164 U. S. 134.

The term "church work" must be construed to mean the same as the term "used exclusively for religious worship," as that term is used in section 3 of article 9 of the constitution. A parsonage is not used "exclusively for religious purposes" but is used for secular purposes, and is not exempt. *Commonwealth* v. *Thomas,* 119 Ky. 208.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Section 1 of article 9 of our constitution requires that every person and corporation shall pay a tax in proportion to the value of his, her or its property. Section 3 of the same article provides that "the property of the State, counties, and other municipal corporations, both real and per-

sonal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law."

In 1905 the legislature amended section 2 of the Revenue act, which provides for the exemption of certain property from taxation. The second clause of that section as so amended reads as follows:

"*Second*—All church property actually and exclusively used for public worship and all parsonages or residences actually and exclusively used by persons devoting their entire time to church work, when the said buildings and the land on which said buildings are located (said land to be of reasonable size for the location of said buildings) are owned by the congregation or the church authorities and not used for pecuniary profit."

The contention of the appellant is, that by virtue of this statute the parsonage in question is exempt from taxation. Appellee insists, however, that the clause above quoted is unconstitutional in so far as it applies to property other than "church property actually and exclusively used for public worship," on the ground that such other property specified in that clause is not property used exclusively for religious purposes within the meaning of the constitution.

Appellant regards the case of *Monticello Female Seminary* v. *People*, 106 Ill. 398, as necessitating a determination of the question of constitutionality in its favor. That seminary was a boarding school for young ladies, the scholars and teachers residing within and upon the grounds of the institution, numbering about 175 persons. In addition to the tract of land upon which the seminary buildings were located the institution owned three adjoining tracts, which were used, in part, for a garden to supply the institution with vegetables; a part was an orchard, from which fruit for the institution was obtained; a part was used for rais-

ing corn, oats and hay to feed the necessary live stock used in connection with the school; a part for pasture for cows used to supply the institution with milk, and a part was woodland, from which wood for fuel was obtained. Upon another part there was a building occupied by the superintendent of the grounds and out-door work of the seminary, which building was also occupied, when necessary, by scholars of the institution, and this particular tract was laid out in walks, avenues and lawns for the use and benefit of those attending the school. These tracts were used for no other purposes than those above enumerated and none of the produce of the land was ever sold. This court held these tracts so used to be exempt, for the reason that they were used exclusively for school purposes within the meaning of the constitutional provision above quoted. We do not think that case decisive. The term "school purposes" is one of much broader significance when used with reference to an "institution of learning" such as Monticello Seminary, than the term "religious purposes" when used with reference to a church organization. Appellant, in our judgment, erroneously regards "church purposes" as being identical with "religious purposes." While the property held exempt in the case referred to was properly said to be used for school purposes, it could scarcely be contended that it was used for educational purposes in the ordinary acceptation of the latter term. So a church organization may own property which is used for church purposes but which is not used for religious purposes. The parsonage in this case was used as a home for the pastor and the members of his immediate family. So far as appears from this record, it was used as a family residence and nothing more. As suggested in the Kansas case referred to below, there seems to be no ground upon which it can be successfully contended that it was used for a religious purpose any more than was the residence of any other christian gentleman who was a member of the same church. No doubt the pastor, in the performance of

his duties, necessarily requires a place for meditation, study and prayer; but ordinary living rooms, used in common by all members of his household, would seem not well adapted for such purposes. Whether a room or building used exclusively by the pastor for a study and in which to perform pastoral functions other than conducting religious exercises, with the grounds by it occupied, can be exempted from taxation under our constitution is not to be determined in this case. The church might provide a residence upon real estate owned by it for its choir-master or sexton. We presume it would not be seriously contended that the property used by either of these persons as a residence is used exclusively for religious purposes, yet the statute under consideration is broad enough to include such a residence. Upon reason, the conclusion that the property involved in this suit is used primarily for a secular or temporal purpose, and not exclusively for religious purposes within the meaning of our constitution, seems irresistible.

Authorities without the State are not unanimous and have been of little assistance in reaching a decision, from the fact that the constitutional and statutory provisions of other States are usually materially different from our own. The constitutional provision most common is one which empowers the legislature to exempt property used exclusively for "public worship," and the second clause of the second section of our Revenue act, as originally enacted in 1872, extended only to such property. Cases arising under such constitutions and statutes afford no guide here, as the term "public worship" is less comprehensive than the language of our constitution.

Appellant, on the other hand, presses upon our attention the case of *Griswold College* v. *State,* 46 Iowa, 275, which involved the construction of a statute exempting from taxation "all public libraries, grounds and buildings of literary, scientific, benevolent, agricultural and religious institutions and societies devoted solely to the appropriate objects of

these institutions, not exceeding six hundred and forty acres in extent and not leased or otherwise used with a view of pecuniary profit." It is to be observed that there the property of religious institutions devoted solely to appropriate objects of those institutions was exempted. There can be no doubt that a parsonage, even though not used for a religious purpose, is property devoted to an appropriate object of a religious institution, viz., furnishing a residence for the pastor as a part of his compensation.

The case of *Vail* v. *Beach,* 10 Kan. 214, is more nearly in point. There a self-executing provision of the constitution of the State of Kansas exempted property "used exclusively for religious purposes," and the question for determination was whether the parsonage occupied by the pastor of the church was exempt by reason of that provision. The court determined that the property was used the same as any other dwelling, and that such use was not distinguishable from the use of the dwelling occupied by any other member of the same church, and that it was clearly not the purpose of the constitution to relieve such property from taxation.

In *County of Ramsey* v. *Church of Good Shepherd,* 45 Minn. 229, it was said that a parsonage occupied by the pastor as a residence was used for a secular and not for a religious purpose.

Where a building is used primarily for religious purposes and secondarily for some secular purpose, as for the business meetings of the church corporation, or if there should be in the church building some room used as a lodging room for the sexton or some other person employed by the organization, the building would not thereby lose its character as one used for religious purposes, but where the property is used primarily for a family residence by the pastor it cannot be held that it is used exclusively for religious purposes. The legislature cannot, by its enactment, make that a religious purpose which in fact is not a religious purpose.

We therefore hold that the second clause of section 2, *supra,* as above set out and as enacted in 1905, is not within the power conferred upon the legislature by section 3 of article 9 of the constitution of the State, and that said clause violates section 1 of article 9 of that constitution, and is for that reason null and void, in so far as that clause applies to church property not actually and exclusively used for public worship.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

FARMER, VICKERS and CARTER, JJ., dissenting.