(No. 16214.—Reversed and remanded.)

THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellant, *vs.* THE METHODIST EPISCOPAL CHURCH OF WAUKEGAN STATION, Appellee.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

TAXES—*church parsonage is not exempt from taxation.* Property owned by a church and used by its pastor as a residence is taxable. (*People* v. *Catholic Bishop,* 311 Ill. 11, and *Yates* v. *Board of Review,* 312 id. 367, distinguished.)

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

ASHBEL V. SMITH, State's Attorney, (SIDNEY H. BLOCK, of counsel,) for appellant.

HALL & HULSE, CLARENCE W. DIVER, and ELAM L. CLARKE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal by the People from the judgment of the county court of Lake county sustaining objections of the Methodist Episcopal Church of Waukegan Station to the

application of the county collector for judgment for taxes, presents for decision, as stated by the appellee, the question whether property owned by a church and used by its pastor as a residence and not for profit is taxable. The question is answered affirmatively in the cases of *People* v. *First Congregational Church*, 232 Ill. 158, and *First Congregational Church* v. *Board of Review*, 254 id. 220. The question is fully considered in those cases and we do not think it necessary or profitable to elaborate the argument.

Counsel for the appellee in their brief quote extensively from the dissenting opinion in the latter case, and think that the court has followed that opinion in the recent cases of *People* v. *Catholic Bishop*, 311 Ill. 11, and *Yates* v. *Board of Review*, 312 id. 367. Reference is made particularly to the gardener's house and the archbishop's summer home, which are mentioned in the former case in describing the physical property involved. That property was a single tract of several hundred acres, on which were the buildings mentioned in describing the property, but no question was made in regard to them and there was no adjudication in regard to them specifically. In fact, it appeared from the record that the buildings referred to as the archbishop's summer home had been formerly used for that purpose but on April 1, 1922, were used for the purposes of the semi-nary. The relation of the gardener's residence to the property was the same as that of the building occupied by the superintendent of grounds and out-door work of the semi-nary to the school property involved in the case of *Monti-cello Female Seminary* v. *People*, 106 Ill. 398.

The judgment will be reversed and the cause remanded, with directions to enter judgment against the property for the taxes.

*Reversed and remanded, with directions.*