THE PEOPLE *ex rel.* George Fix, County Collector, Defendant in Error, *vs.* THE TRUSTEES OF NORTHWESTERN COLLEGE, Plaintiff in Error.

*Opinion filed June 16, 1926.*

1. TAXES—*only written objections filed can be considered.* In a proceeding by the county collector for judgment for delinquent taxes the issues are limited to the points raised by the written objections filed, as the presumption is that all else is admitted to be correct and free from objection.

2. SAME—*legislature may classify property exempt from taxation.* The constitutional provision allowing certain property to be exempt from taxation is not self-executing, and while the General Assembly may exempt from taxation all property used exclusively for school or religious purposes, it may also limit its exemption to certain classes of property so used.

3. SAME—*exemption statute will be strictly construed—burden of proof.* In determining whether property comes within the provisions of the statute granting exemption the statute must be construed strictly, debatable questions being resolved against the ex-

emption, as courts have no right to make exemption by judicial construction; and the party claiming an exemption under the statute is required to show clearly that his property is exempt within the contemplation of the law.

4. SAME—*when property is not exempt under section 2 of Revenue act, as being used for "school and religious purposes."* To be exempt from taxation because used for "school and religious purposes," within the meaning of the second paragraph of section 2 of the Revenue act, the property in question must be used for both such purposes exclusively; and where the property is used for school purposes, only, it is not exempt, as the word "and" in this instance is not meant to be an equivalent of the word "or."

5. SAME—*what determines exemption of property under statute.* In determining whether property is exempt from taxation under the Revenue act the primary use to which it is put, and not its secondary or incidental use, is controlling.

6. STATUTES—*when word "and" cannot be construed to mean "or."* The words "or" and "and" may be used interchangeably where it is necessary to effectuate the intention of the legislature, but the word "and" cannot be construed to mean "or" where such change does not have the effect of bringing out more clearly the legislative intent, but, on the other hand, will cause unnecessary repetition of other provisions of the statute.

WRIT OF ERROR to the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

JOSEPH A. REUSS, WILLIAM R. FRIEDRICH, and RUSSELL W. KEENEY, for plaintiff in error.

C. W. REED, State's Attorney, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The corporation known as "Trustees of Northwestern College" conducts a college of liberal arts at Naperville, in DuPage county. The institution is recognized as a standard college and its courses lead to the bachelor's degree. The college is affiliated with the Evangelical Association.

It has thirty-nine instructors and approximately six hundred students. The student body is drawn from twenty-four States, the Dominion of Canada and foreign countries. The annual cost of conducting the college, apart from interest on the investment in land, buildings and equipment, is about $95,000, of which substantially $50,000 is paid by the students in fees, leaving a deficit of $45,000, which is defrayed by the income from the endowment fund and by contributions. Devotional exercises are held daily in the college chapel. Students are placed on their honor to attend these exercises. They are also expected to attend public worship on Sunday at such churches of the city as they or their parents or guardians may select. The Evangelical Theological Seminary is also located in Naperville and is of the same denomination as Northwestern College. The two institutions are distinct and separately managed and the only officers common to both are the treasurer and assistant treasurer. About two blocks south of the campus the college owns a parcel of land substantially three hundred feet square, bounded by four public streets. The ground is improved by a building known as Bolton Hall, which is a remodeled residence consisting of three floors and a basement. The building contains a reception room, dining room, kitchen, laundry, a room for the matron and a member of the faculty, and quarters for forty-six female students. The dining hall accommodates the students who live in the building and eighteen other students who reside elsewhere. The land is further improved by a three-room cottage and a barn. The cottage is occupied by the caretaker of the property, who is a student, and his wife. The square also provides lawns and tennis courts and is used for recreation purposes by the young women who are students of the college. The charge for board and room in Bolton Hall barely equals the cost and expense of the food supplied and the service rendered, excluding interest on the investment. Young women who are students of the seminary are per-

mitted to live in Bolton Hall after the students of the college seeking residence there have been accommodated. Taxes were extended against the block of land occupied by Bolton Hall by the taxing authorities of DuPage county. The trustees of the college, by petition, asked the board of review to exempt the property from taxation because it was used exclusively for school and religious purposes. The prayer of the petition was denied. Thereafter the trustees filed objections in the county court of DuPage county to the application of the county collector for judgment and order of sale of the property to pay delinquent taxes. The same objection that had been urged before the board of review was made in the county court. The objection was overruled and judgment was rendered, and this writ of error followed.

The sole objection filed by the plaintiff in error to the application made by the county collector is that the property in question was used exclusively for school and religious purposes and was therefore exempt. The issues in a proceeding of this character are limited to the points raised by the written objections filed, since the presumption is that all else is admitted to be correct and free from objection. (*Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351; *Chicago and Alton Railroad Co.* v. *People,* 155 id. 276.) The only question presented for decision, therefore, is whether the property here involved was used exclusively for school and religious purposes.

Section 3 of article 9 of the constitution provides that "such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." This constitutional provision is not self-executing. While the General Assembly may exempt from taxation all property used exclusively for school or religious purposes it may also limit its exemption to certain classes of property so

used. By the second item of section 2 of an act entitled "An act for the assessment of property and for the levy and collection of taxes," as amended, (Cahill's Stat. 1925, p. 1998,) which is the statutory provision under which the plaintiff in error claims exemption, the General Assembly has exempted "all property used exclusively for religious purposes, or used exclusively for school and religious purposes * * * and not leased or otherwise used with a view to profit." In determining whether property comes within the exemption the statute must be strictly construed and all debatable questions must be resolved in favor of taxation. (*People* v. *Withers Home,* 312 Ill. 136; *First Congregational Church* v. *Board of Review,* 254 id. 220; *People* v. *Bennett Medical College,* 248 id. 608.) Courts have no right to make exemptions by judicial construction, and one claiming that his property is exempt under a statute is required to show clearly that it is exempt within the provisions of the constitution and the statute. *People* v. *Withers Home, supra; Knox College* v. *Board of Review,* 308 Ill. 160; *People* v. *Deutsche Gemeinde,* 249 id. 132; *Catholic Knights* v. *Board of Review,* 198 id. 441; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *People* v. *Watseka Camp Meeting Ass'n,* 160 id. 576.

Two of the classes of property to which reference is made in item 2 of section 2 of the Revenue act are "property used exclusively for religious purposes, or used exclusively for school and religious purposes." Plaintiff in error contends that the word "and" after the word "school" should be construed as "or." The words "or" and "and" may be used interchangeably where it is necessary to effectuate the legislative intent. (*Ayers* v. *Chicago Title and Trust Co.* 187 Ill. 42; *Boyles* v. *McMurphy,* 55 id. 236; Sutherland on Stat. Const. sec. 252.) In this instance, however, the legislative intent could not be said to be more clearly carried out by substituting "or" for "and." Such a substitution would change the obvious meaning of the

language employed and would constitute a repetition of the provision that property used exclusively for religious purposes shall be exempt. Manifestly the General Assembly, by the provision relied upon by the plaintiff in error, intended to exempt from taxation property used exclusively for school and religious purposes. One of the two purposes is not enough. The exemption can only be claimed, under the provision invoked, when the property is used exclusively for both purposes.

In determining whether certain property falls within the terms of an exemption, the primary use to which the property is devoted, and not its secondary or incidental use, is controlling. (*First Congregational Church* v. *Board of Review, supra; People* v. *First Congregational· Church,* 232 Ill. 158.) There is no evidence in this record which brings the plaintiff in error within the exemption upon which it relies. Northwestern College is not a place of public worship nor is it a school for religious instruction. It is a non-sectarian college of liberal arts which confers the bachelor's degree. While its students are expected to attend devotional exercises in the college chapel, religious instruction is not a part of the curriculum. The Evangelical Theological Seminary is a separate and distinct institution. The primary, if not the sole, purpose for which Bolton Hall is maintained is to afford students of the college a place of residence. It does not differ essentially in that respect from a student's place of abode elsewhere. Certainly it cannot be said that Bolton Hall is used exclusively for both school and religious purposes.

The judgment of the county court is affirmed.

*Judgment affirmed.*