(No. 19340.—

THE PEOPLE *ex rel.* John F. Hesterman, County Collector, Appellee, *vs.* THE NORTH CENTRAL COLLEGE, Appellant.

*Opinion filed October 19, 1929.*

CAMPBELL & FISCHER, for appellant.

C. W. REED, State's Attorney, for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

In June, 1927, the county collector filed in the county court of DuPage county an application for judgment and order of sale of certain real estate belonging to the North

Central College to pay delinquent taxes levied thereon for the year 1926. The application was objected to by the North Central College on the ground that it is a school, and that during the year 1926 the real estate in question was used exclusively for school purposes and was not leased by such school or otherwise used with a view to profit, and that such real estate was therefore exempt from taxation under the provisions of the first paragraph of section 2 of the Revenue act and of section 3 of article 9 of the constitution. The objection was overruled and judgment was rendered on the application. From this judgment the objector has taken an appeal to this court.

The North Central College is an incorporated co-educational institution. The name of the corporation was formerly "Trustees for Northwestern College." Since the institution was organized, in 1876, it has conducted a college of liberal arts at Naperville. In 1926 it had an enrollment of over seven hundred students. The original campus of the appellant occupies the equivalent of two city blocks in the central part of Naperville. This campus contains the four principal college buildings and a dormitory for men. The growth of the college made the original campus inadequate, and the facilities of the appellant were extended to the south by the construction of an auditorium, the acquisition of an athletic field and the purchase of the two properties involved in this case. These two properties are located two blocks south of the original campus, next to the athletic field. They comprise approximately two city blocks and are known as the women's campus. One of these two blocks is improved by a dormitory for women known as Bolton Hall, which houses forty-six students and two teachers who live there for the purpose of supervising the conduct of the students. On the other is a second dormitory for women known as Johnson Hall, which accommodates twenty-four students and one teacher as supervisor. This latter property contains two tennis courts for

students. It is also improved by a seven-room cottage used as a home economics laboratory as well as a residence by two teachers and certain students in that department. There is a dining room in Bolton Hall for the students residing in both dormitories. All of the students living in these halls were enrolled in the college. They were each charged $7.00 per week, on the basis of $4.50 for board and $2.50 for room. These charges were not fixed with a view to profit and were, in fact, insufficient to pay the operating expenses, allowing nothing for depreciation of the property involved or for interest on the investment represented thereby. Some of the students of the college obtained rooms and board at private homes in Naperville. These private facilities were inadequate to provide for the entire student body. The college did not furnish sufficient study halls, so the students residing in Bolton and Johnson Halls were required to use their rooms for the purpose of studying. No one not enrolled as a student resided or obtained meals at any of these dormitories except the teachers who were stationed there to supervise the conduct of the students and the cook who prepared the meals. These properties, and the college generally, were operated at a loss during the year 1926 and the deficit was met by gifts and income from endowments.

Under section 3 of article 9 of the constitution, property used exclusively for school purposes may be exempted from taxation by general law. Section 2 of the Revenue act provides that all property described in that section, to the extent therein limited, shall be exempt from taxation. The first paragraph of this section includes "all property of schools * * * not leased by such schools or otherwise used with a view to profit." The above quoted provisions of this paragraph have been held to be unconstitutional in *People* v. *Deutsche Gemeinde,* 249 Ill. 132, but they have been uniformly regarded as valid by this court where the property under consideration was used exclusively for

school purposes. (*School of Domestic Arts* v. *Carr,* 322 Ill. 562, and cases there cited.) The Bolton Hall property was held not to be exempt from taxation in *People* v. *Northwestern College,* 322 Ill. 120, but in that case the only claim for exemption made was under the second paragraph of said section 2, on the ground that the property was "used exclusively for school and religious purposes."

It is admitted that the real estate in question is the property of a school, but the appellee contends that because it is devoted to dormitory and dining hall purposes it is not used exclusively for school purposes. We have repeatedly held that dormitories and dining halls exclusively used by students are an essential part of universities and colleges and are devoted to the purposes for which such institutions are organized. *City of Chicago* v. *University of Chicago,* 228 Ill. 605; *Western Theological Seminary* v. *City of Evanston,* 325 id. 511.

Appellee finally contends that since the rooms of the dormitories are rented to students the property is leased by the appellant, and that only property not leased is exempted by the statutory provisions relied on. The language of the statute is, "not leased by such schools or otherwise used with a view to profit." The phrase "with a view to profit" clearly modifies both the word "leased" and the word "used," and the property of schools used exclusively for school purposes is not to be excluded from the operation of this statutory exemption unless such property is leased with a view to profit, which is not the case here.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objection to the application.

*Reversed and remanded, with directions.*