(Nos. 22456, 22457.—  )
THE ST. JOHN EVANGELICAL LUTHERAN CONGREGATION
*vs.* THE BOARD OF APPEALS OF COOK COUNTY, Appel-
lee.—(THE STATE TAX COMMISSION, Appellant.)

*Opinion filed June 19, 1934.*

OTTO KERNER, Attorney General, (WILLIAM G. WOR-
THEY, of counsel,) for appellant.

Mr. JUSTICE STONE delivered the opinion of the court:

By virtue of the authority vested in it by section 35*e*
of the Revenue act of 1898, as amended at the first spe-
cial session of the General Assembly in 1932 and approved
February 13, 1932, (Laws of 1932, First Special Session,
p. 65; Smith's Stat. 1933, p. 2422;) the State Tax Com-
mission has appealed to this court to set aside the deci-

sion of the board of appeals of Cook county exempting from taxation two properties in that county owned by the St. John Evangelical Lutheran Congregation, a religious organization. As the character and use of such properties are identical, as are also the questions raised, the causes have been consolidated here for hearing and the two appeals will be treated as dealing with one property. This organization operates in connection with its church a parochial school. The property involved is a residence occupied rent free by one of the professors serving at that school. The building is used as his residence, though at times backward pupils of the school are tutored there. It is admitted in this record that the purposes for which the building is used are not unlike those of a parsonage. The board of appeals, on complaint signed by the attorney for the property owner, held the property to be exempt from taxation for the year 1931, and in accordance with the statute certified its record in that behalf to the State Tax Commission. That body thereafter considered the claim, found that the property was not exempt from taxation, advised the board of appeals of its objection to the latter's order, and notified it that the commission would apply to this court for an order to set aside and annul the decision of the board of appeals. The proceedings taken in this matter are in accord with the section of the statute hereinabove cited. The position of the tax commission is that the use is not such as exempts the property from taxation under the constitution and statutes of this State. That is the question here.

The *constitutional provision* (art. 9, sec. 3,) and appropriate legislation thereunder, which the board of appeals deemed applicable to its decision that this property is exempt, is as follows: "Such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." Paragraph 2 of section 2 of

the Revenue act of 1872 (Smith's Stat. 1933, chap. 120, p. 2353,) exempts from taxation the following property: "All property used exclusively for religious purposes, or used exclusively for school and religious purposes or for orphanages and not leased or otherwise used with a view to profit." The quoted provisions of the constitution are not self-executing but such exemptions as are therein permitted may exist only by general law enacted by the General Assembly. (*People* v. *University of Illinois*, 328 Ill. 377.) Under this provision of the statute, property of a religious organization, to be exempt from taxation, must be used exclusively for religious purposes or for school and religious purposes. That the property is used for one of the two purposes is not enough. The use of property for both named purposes does not bring it within the exemption statute unless such uses are exclusive, since exemption, under the provision invoked, exists only when the property is used exclusively for such purposes. (*People* v. *University of Illinois, supra; People* v. *Northwestern College*, 322 Ill. 120.) It is not sufficient that the property is owned by a religious organization or that it yields no income. The uses of the residence property here considered in nowise differ from those to which a parsonage occupied by the pastor of a church is put where he discharges a part of his duties at his home. It appears in the statement of the property owner that the purposes for which this property is used are not unlike those of a parsonage. It is apparent, therefore, that the rule applicable to the taxation of parsonages is applicable here.

In *First Congregational Church* v. *Board of Review*, 254 Ill. 220, the question of the exemption of a parsonage of a church was before this court. It was there said: "The primary use of a parsonage is as a home for the pastor and his family—that is, that such use is its principal and general use, and that the fact that some parts of the parsonage are used for purposes connected with

the pastor's work or the work of the church would not make it a building used exclusively for religious purposes and exempt it from taxation." In *People* v. *First Congregational Church,* 232 Ill. 158, it was held that the primary purpose for which the parsonage there under consideration was acquired and possessed being not religious but secular, the property is not exempt from taxation. Such has also been the holding of this court in *People* v. *Methodist Episcopal Church,* 315 Ill. 233, *People* v. *Muldoon,* 306 id. 234, and *Muldoon* v. *Board of Review,* 254 id. 336.

It follows that the decisions and orders of the board of appeals of Cook county exempting these residences from taxation are erroneous, and the orders are set aside and annulled. The clerk of this court is directed to file the mandate of this court in each of these cases with the board of appeals of Cook county.