(No. 23551.—

THE PEOPLE *ex rel.* JOSEPH L. GILL, County Collector, Appellee, *vs.* THE TRUSTEES OF SCHOOLS *et al.* Appellants.

*Opinion filed June 17, 1936—Rehearing denied October 7, 1936.*

CARLETON H. PENDLETON, WILSON & McILVAINE, WIL-
LIAM B. HALE, and W. P. GILBERT, for appellants.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N.
BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, JOHN C.
CONNERY, and FRANK J. CHRISTENSON, of counsel,) for
appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of
the court:

The trustees of schools of township No. 41 north,
range 14 east of the third principal meridian (hereinafter
called trustees) own certain real estate at Sherman and
Church streets, in the city of Evanston. Title to a portion
of the premises was acquired by purchase in 1887 and 1888
and the remainder in 1889. A school house was constructed
thereon and a public school there maintained for many
years. About 1925 the property was abandoned for school
purposes and the school located elsewhere. The trustees
thereupon entered into a ninety-nine year lease of the tract·
providing for graded rentals. The premises are now di-
vided into two parcels and are improved with very valuable
permanent buildings. Parcel 1 is used for a theatre and
parcel 2 for a retail store and in part for a parking lot.
The two parcels combined now bring an annual rental of
$22,500, which the trustees pay into the educational fund.
Taxes for the year 1933 were levied separately on the fee
of the land as distinguished from the leasehold. The lease-
hold was also assessed. The trustees and tenants filed ob-
jections to the taxes against the fee. The objections were
overruled by the county court of Cook county and judg-
ment of sale was entered. From that judgment the trustees
and tenants have appealed to this court.

The issue here presented is whether the premises are exempt from taxation. They are not part of school section 16, and there was no proof that the funds used in the purchase of the property originally came from the sale of section 16 or any part thereof.

Section 2 of the Revenue act of 1872 declares that "all property described in this section, to the extent therein limited, shall be exempt from taxation," etc. (Ill. State Bar Stat. 1935, chap. 120, p. 2610.) The trustees, as supporting the correctness of their position that the property in question is exempt, rely upon the first subdivision of section 2, which is as follows:

"First—All lands donated by the United States for school purposes, not sold or leased; all property of schools, including the real estate on which the schools are located and any other real estate used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit; and all lands, moneys, or other property heretofore or hereafter donated, granted, received or used for public school, college, seminary, university, or other public educational purposes, and the proceeds thereof, whether held in trust or absolutely."

The contentions of the trustees, so far as this subdivision relates to school property, are, that the subdivision makes no distinction between real estate of public schools on which a school house stands and in which a school is conducted, and premises of public schools not devoted strictly to school purposes but which are used as a source of revenue and the income applied exclusively to the school funds, and that both classes of real estate are equally exempt from taxation under this provision of the statute. They further point out, as they view the statute, that it differentiates for taxation purposes between real property of public schools and private schools; that where the fee simple title to realty owned by a private school is not used

for school purposes but is revenue-earning it is subject to taxation, but not so if like property devoted to like revenue-production is owned by a public school. A recurrence to the constitution will be helpful in deciding the issue.

Section 3 of article 9 of our State constitution is as follows: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law," etc.

It was the aim of the framers of the constitution that all property should bear its just portion of taxation and that there should be no favored class. While provision is made by section 3 of article 9 for the exemption from taxation of certain classes of property, it is obvious that the writers of the constitution did not intend a liberal interpretation of that section but rather a restricted one so as to attain the object sought, viz., that property should bear only its just portion of the tax burden and no property should be exempt until declared so by legislative enactment. The constitutional provision quoted does not of itself exempt any property from taxation, but merely grants to the legislature, acting within the constitutional limitations imposed, the authority to enact legislation for such exemption. (*People* v. *University of Illinois,* 328 Ill. 377; *Glen Oak Cemetery Co.* v. *Board of Appeals,* 358 id. 48.) It has always been the law of this State that this section of the constitution, and any statutes enacted under its provisions by way of general law, should receive a strict construction, and that unless property claimed to be exempt clearly falls within the exempted class it is subject to taxation. (*St. John Congregation* v. *Board of Appeals,* 357 Ill. 69; *Sanitary District* v. *Hanberg,* 226 id. 480; *People* v. *City of Chicago,* 124 id. 636; *Glen Oak Cemetery Co.* v. *Board of Appeals, supra.*) The legislature cannot broaden nor

enlarge upon the exemptions of property permitted by the constitution. *People* v. *University of Illinois,* 357 Ill. 369.

It will generally be conceded that he who claims exemption of his property in this State from general taxation has the duty to establish clearly the claimed exemption. Because property is owned by a municipal corporation it does not necessarily follow that such property is exempt from taxation. (*Sanitary District* v. *Hanberg, supra.*) If the courts permit, by illogical interpretation of the constitutional provision for exempting property, a liberal rather than a limited construction of the statutes passed under it, and thereby enlarge the field of exempt property, a substantial injury is inflicted upon other property owners by diminishing the amount of property which carries the expense of government rather than distributing such charge equally so far as practicable.

This court has consistently refused to make any distinction between public schools and private schools with reference to taxation of their property. (*People* v. *North Central College,* 336 Ill. 263; *People* v. *University of Illinois,* 357 id. 369.) We have heretofore held that the primary use to which property is devoted by a school, whether to a school use or to some use separate and apart from that of the school, is determinative of whether the property is liable for taxation. (*School of Domestic Arts* v. *Carr,* 322 Ill. 562.) The parties themselves apparently put this same construction upon the constitution and the statute, for the lease made February 10, 1925, between the trustees, as landlord, and the lessees, provided that the lessees were to pay "taxes and assessments, general and special, * * * the lessor to have the option to pay taxes and assessments in default and to add it as part of the rental."

Under section 3 of article 9 of the constitution, *supra,* defining property that may be declared exempt by legislative general law, the ownership is not the sole test, although such property must be owned by institutions, associations

or corporations falling within the exempted classes named. It is obvious that such section of the constitution divides property which may be exempted into two classes: (1) That owned by the State, counties or other municipalities; and (2) that used exclusively for the purposes defined in the second clause of such section.

The trustees cite *City of Chicago* v. *People,* 80 Ill. 384, as authority for their position. The crux of the decision there which exempted the property from taxation was, that the city, which had sole charge of the schools, had obtained the real estate involved through foreclosure of a mortgage thereon given to secure funds derived from the sale of section 16, commonly known as the school section. The court there properly held, that although such lands acquired by foreclosure were farm lands not used for school purposes they were nevertheless a part of the school funds.

Finally, it is urged that the property belongs to the State of Illinois and is therefore exempt. Generally speaking, the trustees of schools are a corporation created by the State through legislative enactments granting to it its sole powers, and such powers may be withdrawn at the will of the legislature. The same legal principle permitting withdrawal by the State, in a certain sense applies to the title of all real estate resting in subordinate municipalities created by the State, yet for taxation purposes—and that is the significance in which the ownership here is before the court— the title is in the trustees of schools and as such remains until withdrawn by the State.

What was said in *People* v. *University of Illinois,* 328 Ill. 377, with reference to the title of the farm lands there involved being in the State although held by the trustees of the university has no application here. The premises for taxation purposes are not owned by the State. (*People* v. *City of Chicago, supra; People* v. *Trustees of Schools,* 118 Ill. 52; *City of Chicago* v. *City of Chicago,* 207 id. 37; *People* v. *University of Illinois,* 357 id. 369.) In our

judgment, as applied to the real estate here, the use to which the tracts were put decides the issue presented. The property was not devoted to school purposes and was subject to taxation.

The judgment of the county court of Cook county was correct and is affirmed. *Judgment affirmed.*