(No. 15120.—Decision affirmed.)

KNOX COLLEGE, Appellant, *vs.* THE BOARD OF REVIEW OF KNOX COUNTY, Appellee.

*Opinion filed April 18, 1923.*

1. TAXES—*when school property is taxable because not used for school purposes.* Property owned by a college and consisting of unimproved lots located a considerable distance from the college campus and improved lots which are rented to tenants, none of which property is used for school purposes, is subject to taxation.

2. SAME—*statute exempting school property must be strictly construed.* The statute exempting from taxation all property used exclusively for school purposes must be strictly construed and doubtful questions must be resolved against the exemption.

3. SAME—*burden is on party claiming exemption from taxation.* Whether property is exempt from taxation because exclusively used for school purposes must be determined from the facts, and the burden is on the party claiming the exemption to show clearly that his property is within the contemplation of the statute.

4. SAME—*home of college president is not exempt from taxation.* A residence owned by a college and used as a home by the

college president as a part of the consideration for his services is not exempt from taxation on the ground that it is used for school purposes. (*People* v. *First Congregational Church,* 232 Ill. 158, followed.)

5. SAME—*fraternity houses are not exempt from taxation as college dormitories.* Residences occupied by college fraternities, whose memberships are exclusive and which are not open to all students, are not exempt from taxation on the ground that they take the place of college dormitories, although said residences have been built by the college and the fraternities, each paying one-half of the cost, and the titles are taken in the name of the college.

State Tax Commission's certificate of appeal to review decision of board of review of Knox county.

WILLIAMS, LAWRENCE, GREEN & GALE, for appellant.

WEBB A. HERLOCKER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The tax commission confirmed the action of the board of review of Knox county in assessing for taxation certain real estate which was owned and controlled by Knox College, which the college claimed was exempt, under the constitution and statute, from taxation. The tax commission has certified the record and its decision to this court.

Knox College has been continuously conducted as an institution of learning since its incorporation, in 1837. It is not denied the college is such an educational institution as is referred to in the constitution. The college is supported by voluntary contributions and tuition paid by its students, but the tuition fees paid by students only amount to about forty per cent of the actual cost of conducting the college. The campus consists of four square blocks in the city of Galesburg, bounded by public streets on all four sides, and the recitation buildings, gymnasium, dormitories and athletic field are located thereon. The college owns

308—11

lots in Galesburg other than the property embraced in the campus. It has a student body of some 550 and about 50 instructors. The property taxed by the board of review and tax commission is outside the campus and is described in the record as ten tracts, numbered consecutively. Tract 1 consists of three lots separated from the campus by Cedar street, and was acquired by the college in June, 1922. The college conceded it must pay the taxes on tract 1 for that year under the decision in *People* v. *St. Francis Academy,* 233 Ill. 26. The tract was purchased as a site for an additional dormitory for women, the present women's dormitory (Whiting Hall) being inadequate to accommodate the women students. The property is now being used as a women's dormitory exclusively, until such time as a larger building can be erected. The money received from the students for the occupancy of that property does not pay the operating charges. It is claimed by appellant that the tract is not subject to taxation after 1922, but that question is not before us and is not necessary for consideration or decision on this record, and therefore we will not consider or decide it. Tract 2 is the home of the college president and is located eleven blocks from the campus. It is used exclusively as his residence, and the use of it is part of the consideration for his services. Tract 3, across Cedar street from the campus, was bought by the college for and is being held as a site of a dormitory to be used by fraternities or other bodies of students attending the college. There are two frame dwellings on it and they are rented to tenants. Tract 4 is a residence property a block from the campus and abutting Whiting Hall, the women's dormitory. It has been owned by the college twenty years, and the college claims it is preserving it for an extension of Whiting Hall. At present there is a frame dwelling on it and it is rented to a tenant. Tracts 5, 6, 7, 8 and 9 are occupied by fraternity houses for the accommodation of students belonging to certain fraternities. The houses are immediately

adjacent to the college campus and serve the purpose of college dormitories for the fraternity members. These fraternity houses were acquired substantially as follows: The members of the fraternity furnish half the money to buy the lot and erect a building. The title is taken in the college and the college furnishes the other half of the money. The plans of the building must be approved by the college, which has general supervision and control of the property. When the building is completed the college leases the property to the fraternity for ninety-nine years for six per cent per annum on the amount invested by the college. The fraternity has the privilege of re-paying the college in sums of $100 or more, and when the college has received in full the amount it invested the property is rented to the fraternity for a dollar a year, plus six per cent on the ground value. Tract 10 consists of unimproved lots, part of the general endowment of the college, not leased or otherwise used with a view to profit.

The statute adopted pursuant to section 3 of article 9 of the constitution provides that all property used exclusively for school purposes and not leased or otherwise used with a view to profit should be exempt from taxation. Appellee contends tracts 1, 2, 3 and 4 are not used exclusively for school purposes; that tracts 3 and 4 are income-producing properties; that tracts 5, 6, 7 and 8 are fraternity houses, and the plan under which they were built makes them also income-producing property; that tract 9 is leased to a fraternity and is income-producing property; that none of said tracts are used exclusively for school purposes, and that tract 10 is not used in any manner for school purposes.

Tract 3 is a residence property which the college claims was purchased as a site for a fraternity house or dormitory and should not be taxed. It has never been used for school purposes but is rented to a tenant, and under the law it is subject to taxation. We think the same rule applies to tract 4. Tract 10 consists of unimproved lots located a con-

siderable distance from the college campus, which tract is not now and never has been used for school purposes and is subject to taxation. This leaves for determination the question whether tract 2, the residence of the president of the college, and tracts 5, 6, 7, 8 and 9, which are occupied by fraternity houses, are subject to taxation.

Clause 2 of section 2 of chapter 120 of the Illinois statutes exempts from taxation all property used exclusively for school purposes. (2 Hurd's Stat. 1921, p. 2653.) That statute must be strictly construed and doubtful questions be resolved against the exemption. Whether property is exempt because exclusively used for school purposes must be determined from the facts, and the burden is on the party claiming the exemption to show clearly that his property is within the contemplation of the statute. (*People* v. *Deutsche Gemeinde,* 249 Ill. 132.) In *Monticello Female Seminary* v. *People,* 106 Ill. 398, this court passed on the question whether three tracts of land owned by the seminary were exempt from taxation. The institution was located originally on a tract of eight acres. It afterwards acquired three other tracts, of about 40, 20 and 14 acres, respectively. The land was used to raise vegetables to supply the institution, necessary fruit for it, hay and grain for the institution livestock, pasturage, and wood for fuel. There was a building on the 14-acre tract, which was occupied by the superintendent of grounds and outdoor work of the seminary. No part of the land was leased or otherwise used with a view to profit. The court there held that it was all used exclusively for school purposes and was exempt from taxation. It is argued by counsel for appellant that if the tract on which said superintendent lived should be exempt in this last case, for the same reason the president's house in this case should be exempt. It will be noted from a reading of the opinion in *Monticello Female Seminary* v. *People, supra,* that the house occupied by the superintendent was connected with the main institution in the same inclosure

and if not strictly a part of it was reasonably closely connected with it. As was said in that case (p. 400): "The evidence further shows that all this property is necessary for the proper carrying on of the institution; that said tracts of land are used exclusively for the purposes of the institution." The uses of property in these tax cases for the work of the institution are necessarily relative and usually are not absolutely essential, and the distinction in the different cases as to the application of the law may not be always entirely clear and satisfactory from a cursory reading of the opinions. The conclusion in each of these decisions is necessarily governed by the specific facts in the individual case. The home of the president of Knox College in this case was eleven blocks from the college campus and was not so closely connected with the work of the main institution as to distinguish it from any other home, although it may be true that the fact of the building being owned by the college and furnished to the president as a home and as a part of his compensation distinguishes it in that respect from other residences. These facts would apply with equal force to the residence of a minister of a church. It was argued in *People* v. *First Congregational Church*, 232 Ill. 158, that the duties of the minister so peculiarly related his home to religious purposes as to render it exempt, but it was held that the home was for residence purposes the same as any other home, and was therefore not exempt. So far as the record shows here, the president's house is primarily a home, without any condition for educational purposes or work being required to be performed there. In our judgment there is no possible way to distinguish on this question of taxation the home of the president from the home of a pastor of a church, as held in *People* v. *First Congregational Church, supra.* The president's home should therefore not be held to be exempt.

It is also urged that the fraternity houses serve the same purposes as dormitories, and should be exempt under the

reasoning of this court in *City of Chicago* v. *University of Chicago,* 228 Ill. 605. In that case there was a club house, called the Reynolds Club, which was situated within the university campus and was used exclusively by students and alumni for recreation, social purposes and student meetings, and this club house, with dormitories and other buildings, it was stated in the opinion, was used in the immediate carrying on of the educational purposes of the university. The fraternity houses here in question, however, are not shown by the evidence to be buildings created for the indiscriminate use of all the students, but are, as we understand the record, open only to the members of the respective fraternities, not by virtue of their college attendance but only upon election to membership in such fraternities under rules established by the societies themselves. Because some advantage might accrue to the college by the fraternities furnishing accommodations for students, thus lessening the need for college dormitories, and because the contractual relations between the fraternities and the college made these fraternity buildings mutually advantageous to the college and students, that does not change the fact that they are fraternity houses not unconditionally open to all students and not ostensibly or actually used exclusively for educational purposes. In our judgment the reasoning of this court in *City of Chicago* v. *University of Chicago, supra,* is clearly distinguishable, on the facts, from the question as to taxing the fraternity houses in this case. These fraternity buildings were properly taxed.

We find no error in the decision of the tax commission, and its decision will therefore be affirmed.

*Decision affirmed.*